IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                 CR 13-3895 MCA

EDGAR SOLIS,

    Defendant.

## ORDER GRANTING MOTION FOR INFORMATION PURSUANT TO GIGLIO V. UNITED STATES

**THIS MATTER** comes before the Court on *Defendant Edgar Solis' Motion for Information Pursuant to* Giglio v. United States *Regarding Government Witnesses* ("Motion"), filed on February 18, 2015, (Doc. 124); and the *United States' Response to Defendant's Motion for* Brady *and* Giglio *Material* ("Response"), filed on February 19, 2015. (Doc. 125). United States Chief District Judge M. Christina Armijo referred the Motion to this Court to make findings of fact, conduct legal analysis, and recommend an ultimate disposition. (Doc. 129). The Court held oral argument on the Motion on February 20, 2015. (Doc. 143 at 3–7). Having considered the Motion and Response, relevant law, and being otherwise fully informed finds that the Motion is well-taken and shall be **GRANTED**.

Defendant requests that the Court order the Government to provide impeachment and exculpatory evidence pursuant to *Giglio v. United States*, 405 U.S. 150 (1972) and *Brady v. Maryland*, 373 U.S. 83 (1963), regarding Department of Homeland Security ("DHS") and Albuquerque Police Department ("APD") officers and agents involved in the investigation that led to Defendant's arrest on November 13,

2013. (Doc. 124 at 1). Defendant specifically asks for such information concerning APD Detective Herman Martinez, who obtained the search warrant for the vehicle that Defendant was driving on November 13, 2013. (*Id.*).

Under *Brady* and *Giglio*, the Government must furnish to the defense evidence regarding the credibility of government witnesses. *See Giglio*, 405 U.S. at 154. Impeachment evidence falls under *Brady* when the reliability of a given witness may be determinative of a defendant's guilt or innocence. *United States v. Sullivan*, 919 F.2d 1403, 1427 (10th Cir. 1990).

The Government responds that it does not oppose the Motion to the extent it simply requests the Court to hold the Government to its regular disclosure obligations, and that it understands its ongoing obligations to provide evidence favorable to Defendant that is material to either guilt or punishment. (Doc. 125 at 1). The Government stated that it is not aware of any information subject to disclosure under *Brady* or *Giglio*. (*Id.*). The Government also argued that it opposes the Motion to the extent it requests an order compelling specific discovery, because Defendant has not requested any specific evidence that he alleges to be *Brady* or *Giglio* material, and that it is under no obligation to disclose witness statement in advance of the direct testimony of each witness during hearings or trial. (*Id.* at 2–3).

At oral argument, Defense counsel stated that she had in her possession *Giglio* material that would be used to cross-examine Detective Martinez should this case proceed to trial. (Doc. 143 at 6 ¶ 5–7). The Government responded that it had no previous knowledge of that material, and believed it had thus far complied with its disclosure obligations. (*Id.* at ¶ 11–15). Defense counsel subsequently provided copies

2

of the alleged impeachment material to the Government, and acknowledged that she had it in her possession at the time she cross-examined Detective Martinez during the suppression hearing. (*Id.* at 8–10).

**IT IS THEREFORE ORDERED** that *Defendant Edgar Solis' Motion for Information Pursuant to* Giglio v. United States *Regarding Government Witnesses*, (Doc. 124), be **GRANTED**. The Government shall make available to Defendant by the time required by the applicable law all material for which disclosure is mandated by *Brady* and *Giglio*. The Court also finds that the Government has thus far complied with its obligations under *Giglio* and *Brady*, and is aware of its continuing obligation to do so.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE