IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                CR 13-3895 MCA

EDGAR SOLIS,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on *Defendant Edgar Solis's Motion to Dismiss Counts 1 and 2 of the Superseding Indictment Based on Violation of Double Jeopardy as Said Counts are Multiplicitous* ("Motion to Dismiss"), filed on February 17, 2015, (Doc. 120); and the *United States' Response to Defendant's Motion to Dismiss for Double Jeopardy* ("Response"), filed on February 24, 2015, (Doc. 135). United States Chief District Judge M. Christina Armijo referred the Motion to Dismiss to this Court to make findings of fact, conduct legal analysis, and recommend an ultimate disposition. (Doc. 129).

Defendant asks the Court to dismiss Counts 1 and 2 of the superseding indictment on the basis that those charges are multiplicitous and run afoul of the Double Jeopardy Clause of the Fifth Amendment. The Court has considered the Motion to Dismiss and the Response, and finds that because Counts 1 and 2 are not multiplicitous that the Motion to Dismiss should be **DENIED**.

### I. Background

Defendant Edgar Solis has been charged with drug and gun-related offenses as the result of his alleged involvement in an undercover drug transaction that occurred on November 13, 2013. (Doc. 100). On January 21, 2015, a federal grand jury returned the

five-count Superseding Indictment charging Defendant with the following offenses: (i) conspiracy to possess with the intent to distribute five or more kilograms of cocaine contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), in violation of 21 U.S.C. § 846 ("Count 1"); (ii) attempt to possess with the intent to distribute more than 500 grams of cocaine contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), in violation of 21 U.S.C. § 846 ("Count 2"); (iii) possession with the intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (iv) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922 (g)(1)(A) and 924(a)(2); and (v) carrying, using, and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (*Id.*).

Defendant contends that Counts 1 and 2 constitute multiplicitous conspiracy counts because the Government has charged him twice for the same conduct that forms part of the same act. (Doc. 120). Defendant maintains that since the counts are multiplicitous under the Double Jeopardy Clause that they both must be dismissed. (*Id.* at 6). The Government responds that only Count 1 constitutes a conspiracy charge because Count 2 is an attempt count, and that the two counts require proof of different elements. (Doc. 135 at 2). Thus, the Government reasons that these counts are not multiplicitous and Defendant's Motion to Dismiss should be denied.

**II.     Standard of Review**

The Double Jeopardy Clause of the Fifth Amendment provides, "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The prohibition has been interpreted to prohibit both "successive prosecutions for the same offense after acquittal or conviction" and the imposition of "multiple criminal punishments for the same offense." *Monge v. California*, 524 U.S. 721,

727–28 (1998). "Multiplicitous sentences violate the Double Jeopardy Clause." *United States v. Morris*, 247 F.3d 1080, 1083 n.2 (10th Cir. 2001). While multiplicity is not fatal to an indictment itself, multiplicitous counts are considered improper because they may result in multiplicitous convictions which would permit multiple punishments for a single criminal offense. *United States v. Curls*, No. 06-5124, 219 Fed. Appx. 746, 752 (10th Cir. Mar. 5, 2007) (unpublished).

When a defendant is charged with violating multiple criminal statutes for the same underlying acts or omissions, the issue of multiplicity may arise. Under the *Blockburger* test, a person may be prosecuted for more than one crime based on the same conduct if: (i) each crime requires proof of a fact the other does not; or (ii) Congress has expressed its intent to impose cumulative punishment for the same conduct under separate statutory provisions. *United States v. Pearson*, 203 F.3d 1243, 1267–68 (10th Cir. 2000) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Blockburger*, 284 U.S. at 304 (quotation omitted).

**III.   Analysis**

Defendant alleges that Counts 1 and 2 constitute separate, multiplicitous conspiracy charges brought pursuant to 21 U.S.C. § 846 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 for the same underlying conduct. The Government responds that Counts 1 and 2 are dual conspiracy and attempt counts under section 846, which may be charged together without running afoul of the Double

Jeopardy Clause.

To resolve the question of what was actually charged by the grand jury, the Court will first turn to the language of the Superseding Indictment itself. The Superseding Indictment charges the following as Count 1:

> On or about November 13, 2013, in Bernalillo County, in the District of New Mexico, [Defendant] unlawfully, knowingly and intentionally *combined, conspired, confederated, agreed, and acted interdependently with persons* whose names are known and unknown to the Grand Jury to commit an offense against the United States, specifically, distribution of 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).
> In violation of 21 U.S.C. § 846.

(Doc. 100 at 1) (emphasis added). As for Count 2, the Superseding Indictment states that:

> On or about November 13, 2013, in Bernalillo County, in the District of New Mexico, [Defendant] unlawfully, knowingly and intentionally *attempted to possess* with intent to distribute a controlled substance, 500 grams and more of a mixture and substance containing a delectable amount of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).
> In violation of 21 U.S.C. § 846."

(*Id.* at 2) (emphasis added).

Here, the plain language in the Superseding Indictment clearly demonstrates that Defendant has been charged with separate conspiracy and attempt counts under 21 U.S.C. § 846. Section 846 provides that, "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Thus, section 846 permits both dual conspiracy and attempt counts under that section. Defendant provides no reasons to the Court why he believes that Counts 1 and 2 are both conspiracy charges, only stating generally that is the case here.

Relying on the language of the Superseding Indictment, as well as the language of section 846, the Court finds that Counts 1 and 2 constitute dual conspiracy and attempt counts under section 846, and not two analogous conspiracy counts as Defendant alleges.

A defendant may be charged with both conspiracy and attempt under section 846 for actions arising from the same conduct, without running afoul of the Double Jeopardy Clause. *See United States v. Savaiano*, 843 F.2d 1280, 1292–93 (10th Cir. 1988). Applying the *Blockburger* test, the Tenth Circuit first asked whether conspiracy and attempt counts constituted separate offenses or only one, by determining whether each statutory provision required proof of a fact which the other does not. *Id.* at 1292 (citing *Blockburger*, 284 U.S. at 304). That Court observed that "[a] conspiracy requires proof of participation by more than one person, while attempt does not." *Savaiano*, 843 F.2d at 1292. Attempt must include proof of a substantial step directed toward actual consummation of the crime, such as taking possession of cocaine, while conspiracy need not. *Id.* (citing *United States Anderson*, 651 F.2d 375, 379 (10th Cir. 1981). Thus, in consideration of the first *Blockburger* factor, the Tenth Circuit concluded that when both conspiracy and attempt under section 846 are charged for actions arising from the same conduct, they are considered separate offenses because they require proof of a fact not required of the other. *Id.* (citing *Blockburger*, 284 U.S. at 304).

The Tenth Circuit has also found, in applying the second part of the *Blockburger* test, that "[n]othing in the legislative history of section 846 suggests a congressional intent that the government must elect to proceed under either conspiracy or attempt, but not both." *Savaiano*, 843 F.2d at 1292. For those reasons, the imposition of multiple

5

punishments imposed for dual convictions of conspiracy and attempt under section 846 passes the *Blockburger* test, and no double jeopardy violation will occur. *Savaiano*, 843 F.2d at 1293.

In sum, the Court finds that the Superseding Indictment charges two separate counts of attempt and conspiracy under 21 U.S.C. § 846, and that pursuant to Tenth Circuit precedent, the dual counts are not multiplicitous and do not violate the Double Jeopardy Clause.

### IV. Recommended Disposition

For all of the foregoing, the Court **RECOMMENDS** that *Defendant Edgar Solis's Motion to Dismiss Counts 1 and 2 of the Superseding Indictment Based on Violation of Double Jeopardy as Said Counts are Multiplicitous*, (Doc. 120), be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE