IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              CR 13-3895 MCA

EDGAR SOLIS,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on *Defendant Edgar Solis' Motion for Severance of Counts* ("Motion to Sever"), filed on February 18, 2015, (Doc. 122), and the *United States' Response to Defendant's Motion to Sever* ("Response"), filed on February 23, 2015. (Doc. 134). United States Chief District Judge M. Christina Armijo referred the Motion to Sever to this Court to make findings of fact, conduct legal analysis, and recommend an ultimate disposition. (Doc. 129).

Defendant asks the Court to sever Count 5 of the superseding indictment, which was returned by the grand jury on January 21, 2015.[1] (Doc. 100). The Court has considered the Motion to Sever and the Response. The Court finds that Defendant has not shown that prejudice will result from the joinder of Count 4, and therefore the Motion to Sever should be **DENIED**.

**I.    Background**

On December 4, 2013, a federal grand jury issued a three-count indictment charging Defendant with the following offenses: (i) conspiracy to possess with the intent

---

[1] Defendant moves for an order severing Count 5, but makes his argument based on prejudice resulting from his prior conviction being proven to the jury. Count 5 does not include the element that Defendant have a prior felony conviction. 18 U.S.C. § 924(c). Because Defendant does not articulate any other basis to sever Count 5, the Court will consider the issue of prejudice resulting from the introduction of Defendant's prior conviction.

to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846; (ii) attempt to possess with the intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846; and (iii) possession with the intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. 13).

Thereafter, on January 21, 2015, a federal grand jury returned a five-count superseding indictment charging Defendant with the three previous drug trafficking counts in addition to two new charges. (Doc. 100). The new charges, referred to as Counts 4 and 5, were charged as follows: (iv) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922 (g)(1)(A) and 924(a)(2); and (v) carrying, using, and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (*Id.*).

Defendant then filed the subject motion to sever the felon-in-possession charge (Count 4) of the superseding indictment, alleging that the joinder of Count 4 with the drug-related charges and the gun-related charge is prejudicial to Defendant, and that Count 4 should be tried separately. Defendant claims that this joinder will allow the government to use propensity evidence to prove the gun-related charges and highlight his status as an armed felon. (Doc. 122 at 3). Defendant argues that the jury, having been told that Defendant has been convicted of a felony in relation to his felon in possession charge, will infer guilt as to the remaining counts. (Doc. 122 at 3).

The Government responds that Defendant has failed to overcome the well-established presumption that all charges "of the same or similar character" should be resolved in a single trial. (Doc. 134 at 2). The Government further argues that any risk of prejudice to Defendant related to revealing his prior conviction to the jury can be cured

with limiting instructions. (*Id.*).

## II.   Standard of Review

Under Rule 8(a) of the Federal Rules of Criminal Procedure, joinder of offenses is appropriate if "the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). "Rule 8 is construed broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Price*, 265 F.3d 1097, 1105-06 (10th Cir. 2001) (citing *United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995)).

However, even where offenses are properly joined under Rule 8(a), "the court may order the separate trials of counts if it appears that a defendant is prejudiced by a joinder of offenses." *Janus Indus.*, 48 F.3d at 1557 (internal citations omitted); *See* FED. R. CRIM. P. 14(a). In deciding whether to grant a motion for severance, the district court must weigh the prejudice that may arise from a single trial of the counts, against the expense and inconvenience of separate trials. *Janus Indus.*, 48 F.3d at 1557 (internal citations omitted). Defendant has the burden of showing real prejudice from the joinder of the counts. *Price*, 265 F.3d at 1105 (citing *United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1993)).

## III.   Analysis

Defendant does not contend that Count 4 was improperly joined, but rather claims that Defendant is prejudiced by the introduction of his prior conviction related to proving that count. Defendant argues that the jury will speculate as to the nature of the prior conviction, and assume that he must be guilty of all other counts in the

3

superseding indictment.

The Government responds that Defendant will not be prejudiced by the introduction of his prior conviction, since the nature and substance of the conviction is irrelevant to proving Count 4, and therefore can be excluded by the use of a redacted record, affidavit, or stipulation. Furthermore, the Government argues, the Court can eliminate any risk of prejudice through the use of a limiting instruction that the jury is not to consider Defendant's prior conviction except as it establishes an element of Count 4.

Here, in Count 4 Defendant is charged as a felon in possession of a firearm, which requires the Government to prove that Defendant has previously been convicted of a crime punishable by imprisonment for a term exceeding one year. (Doc. 100 at 2); 18 U.S.C. §§ 922(g)(1), 924(a)(2). Generally, evidence of the name or nature of a prior offense carries a risk of unfair prejudice to a defendant. *United States v. Nafkha*, No. 96-4130, 139 F.3d 913, *5 (10th Cir. Feb. 5, 1998) (unpublished) (citing *Old Chief v. United States*, 519 U.S. 172, 185 (1997)). Thus, joinder of an offense requiring the introduction of a prior conviction may be prejudicial to the defendant. However, even where the joinder of an offense requires the introduction of a prior conviction, Rule 14 does not require severance of that offense; "rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993).

As an alternative to the drastic remedy of severance, courts may look to the presence of limiting instructions to cure any risk of prejudice. *Zafiro*, 506 U.S. at 539; *United States v. Small*, 423 F.3d 1164, 1182 (10th Cir. 2005); *United States v. Jones*, 530 F.3d 1292, 1303 (10th Cir. 2008). In upholding the joinder of multiple counts that do

not require the Government to prove a prior conviction, the Tenth Circuit has "relied on the fact that limiting instructions were given that each count must be given separate consideration." *United States v. Valentine*, 706 F.2d 282, 290 n.7 (10th Cir. 1983); *See United States v. Patterson*, 20 F.3d 809, 816 (10th Cir. 1994). Tenth Circuit jurisprudence has clearly established that, where the jury does not learn of the name and nature of a defendant's prior conviction, the conviction is not given unnecessary or undue emphasis at trial, and the court instructs jurors that they should consider the prior conviction only as an element of the felon-in-possession counts, there is no prejudice to the defendant. *See Valentine*, 706 F.2d at 290; *Patterson*, 20 F.3d at 816; *Nafkha*, 139 F.3d at *5-6.

In this context, the evidence required to prove the prior conviction is minimal. Indeed, the Government states in its Response that it has proposed a stipulation as to Defendant's prior felony conviction, which Defendant has indicated he does not oppose. (Doc. 134 at 4). Moreover, as the Government argues, the Court may cure any risk of prejudice to Defendant by issuing a limiting instruction directing the jury not to consider the prior conviction except as it establishes an element of Count 4.

Defendant cites to cases from other Circuits for the proposition that limiting instructions are insufficient to cure the risk of prejudice posed by joinder of felon-in-possession counts. (Doc. 122 at 4); *See United States v. Jones*, 16 F.3d 487, 493 (2d Cir. 1994) (citing *United States v. Joshua,* 976 F.2d 844 (3d Cir.1992) *and United States v. Dockery,* 955 F.2d 50 (D.C.Cir.1992)). These cases miss the mark. As the Tenth Circuit has already held, "in this circuit, we 'look for the presence of limiting instructions' as a safeguard against prejudice." *Nafkha*, 139 F.3d at *6 (citing *Patterson*,

5

20 F.3d at 816) (rejecting defendant's argument based on *Jones*, 16 F.3d at 493 that limiting instructions are not enough to cure the risk of prejudice resulting from the introduction of a prior conviction).

Accordingly, given that the evidence required to prove Defendant's prior conviction to prove an element of Count 4 is minimal, and the Court may give limiting instructions as to how the jury should consider the prior conviction, Defendant has failed to show prejudice resulting from the joinder of Count 4 with the rest of the drug-related and gun-related charges. Therefore, the Court finds that Count 4 should not be severed from the superseding indictment.

## IV.  Recommended Disposition

For all of the foregoing, the Court **RECOMMENDS** that *Defendant Edgar Solis' Motion for Severance of Counts*, (Doc. 122), be **DENIED**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE