IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    No. CR 13-3895 MCA

EDGAR SOLIS,

        Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION [Doc. 165]

**THIS MATTER** is before the Court on the Magistrate Judge's *Proposed Findings and Recommended Disposition* (PFRD) [Doc. 165], filed on March 26, 2015. In her PFRD Magistrate Judge Garza considered *Defendant Edgar Solis' Motion to Dismiss the Superseding Indictment for Vindictive and Retaliatory Prosecution and for Violations to His Right to Due Process*. [Doc. 116] The Magistrate Judge found that Defendant has not produced any evidence of actual vindictiveness or shown there is a realistic likelihood of vindictiveness and concluded Defendant's motion should be denied.   [Doc. 165 at 1] Defendant timely objected, *Defendant Edgar Solis' Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition on Defendant's Motion to Dismiss for Vindictive Prosecution* [Doc. 178], and the United States responded, *United States' Response to Defendant's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition on Defendant's Motion to Dismiss the Indictment for Vindictive Prosecution* [Doc. 185].

1

The Court, having considered the submissions and made a *de novo* review of the record, finds that Defendant's objections are not well-taken and the PFRD of the United States Magistrate should be adopted.

The Court generally understands Defendant to object to Judge Garza's conclusion that the facts presented do not give rise to a realistic likelihood of vindictiveness.[1] He contends that "at a minimum, Mr. Solis demonstrated that the increase in charges and severity of punishment raises a realistic likelihood of vindictiveness." [Doc. 178 at 5] He also asserts that the declarations of other defense attorneys involved in the case show a realistic likelihood of vindictiveness. [Doc. 178 at 7-6] Defendant posits that "[t]he timing of the events, the actions of the government through the pendency of the case and the addition of severe charges once a suppression motion was filed and Mr. Solis announced his desire to proceed to trial, signal a strong likelihood of vindictiveness." [Doc. 178 at 7] In sum, as he did before the Magistrate Judge, Defendant alleges that he asserted his right to trial and filed a motion to suppress, and that in retaliation the AUSA obtained a superseding indictment maintaining the A-level charges and adding charges which subject him to more severe punishment. He urges the Court to sustain his objections and to hold a hearing on the matter. [Doc. 178 at 8]

Judge Garza carefully considered the parties' arguments, the facts, and the law and determined that the record did not support a claim of either actual vindictiveness or the realistic likelihood of vindictiveness. [Doc. 165 at 13] Judge Garza decided the case

---

[1] Defendant does not object to Judge Garza's decision declining to exercise the Court's supervisory powers to dismiss any of the charges in the superseding indictment.

under *United States v. Goodwin*, 457 U.S. 368 (1982) but properly recognized that our Tenth Circuit holds open the possibility that prosecutorial vindictiveness may arise in the pretrial setting.  *United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir. 1991).  "[I]n those pretrial situations which are genuinely distinguishable from *Goodwin* and *Bordenkircher*, [courts] look to the totality of the objective circumstances to decide whether a realistic possibility of vindictive prosecution exists."  *Id.*  However, Judge Garza concluded that this case is not genuinely distinguishable. [Doc. 165 at 11] Examining Judge Garza's reasoning and case law, this Court agrees.

Defendant argues that the Court must look at the timing of the events, and that the timing indicates a likelihood of vindictiveness to give rise to a presumption that the prosecution must rebut.  First, the Court agrees with the Magistrate Judge that Defendant's case is not genuinely distinguishable from those in which new charges were permissibly brought in a pretrial setting.  In his objection, Defendant attempts to distinguish his case from one Judge Garza considered:  *United State v. Bustamante-Conchas*, 13-cr-2028 JAP, Doc. 271 (D.N.M. July 16, 2014).  Judge Garza considered that case as one in which the "U.S. District of New Mexico recently rejected a claim of vindictive prosecution pursuant to *Goodwin* under a similar set of facts as those presented here."  [Doc. 165 at 10]  In his objection, Defendant contends that unlike that case, "this case involves a prosecutor who has been found by a United States District Judge in this district to abuse his prosecutorial discretion by punishing a defendant for exercising his constitutional right to challenge a search pursuant to the Fourth Amendment." [Doc. 178 at 5] Defendant cites *United States v. Villalba*, 13-cr-664-JB, Doc. 86 (D.N.M. Feb. 9,

2015), a sentencing case in which the Honorable James Browning considered whether it was an abuse of discretion for the United States to refuse to move for a 1-level adjustment pursuant to U.S.S.G. § 3E1.1(b) for the defendant's timely acceptance of responsibility where the parties litigated a suppression motion, but did not otherwise prepare for trial.[2]  Ultimately, Judge Browning ordered the United States to move for the adjustment.  *Villalba* [Doc. 86 at 46-47].  In so doing he discussed the almost unencumbered power that prosecutors have throughout the course of a criminal case and the concerns this raises.  [Doc. 86 at 38-40]  This Court is similarly aware and concerned about the broad power inherent in prosecutorial discretion.  However, the Court does not find that the actions or reasoning of the specific prosecutor in *Villalba* distinguish Defendant's case from *Goodwin* and *Bordenkircher*.  This Court declines Defendant's invitation to presume that a prosecutor's reasoning and motives in one case be automatically imputed to his actions and reasoning in another.

Second, even if the Court took a skeptical eye to the timing of the prosecution's securing of the superseding indictment containing charges that increased Defendant's possible sentence, case law instructs that this timing does not give rise to a presumption of vindictiveness.  In *United States v. Sarracino*, 340 F.3d 1148, 1178-79 (10th Cir. 2003), the defendant alleged that the government punished him for exercising his right to trial rather than accept a plea offer.  The Tenth Circuit rejected that argument, stating that the defendant "made the tactical choice to reject the plea bargain and proceed to trial."

---

[2] Defendant did not raise the *Villalba* case in his initial pleadings, thus the Court questions whether this portion of the objection is properly before the Court.  *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate's findings or recommendations are deemed waived.")

*Id.* at 1179.  There the government had probable cause to seek reindictment of the defendant increasing his charge from manslaughter to second degree murder, *id.* at 1176, and the appellate court reasoned the superseding indictment was a consequence of the defendant's tactical choice.  *Id.* at 1179.  "The government's initial decision to charge voluntary manslaughter did not limit the government's ability to seek a superseding indictment charging second degree murder."  *Id.* at 1178 (citing *Goodwin*, 457 U.S. at 382). Similarly here, the government had probable cause to reindict on charges that increase the severity of the penalty Defendant will face at trial; *Sarracino* instructs that this is permissible and that the government is not constrained by its initial charging decision.

    A case cited by Defendant further indicates that the timing of the superseding indictment in this case is not enough.  In *United States v. Gamez-Orduno*, 235 F.3d 453, 462-463 (9th Cir. 2000), the court was asked to look at the timing of a superseding indictment, and from that infer vindictiveness.  There, as here, the prosecution secured the superseding indictment with additional charges only after defendants indicated their desire to proceed to trial and filed motions to suppress. *Id.* at 463.  The court concluded the timing, without more, did not give rise to the presumption.  *Id.*  The court noted that the delay in filing the superseding indictment could be explained by the "delays inherent in the plea negotiation process."  *Id.*  The same can be said here, where, Defendant's previous attorney was engaged in plea negotiations until shortly before current defense counsel entered, and despite current defense counsel's indication that her client intended to go to trial, it appears the plea offer was to be held open until the motions deadline.  *See*

5

[Doc. 152-1 (stating counsel was involved in negotiations in July, August, and September 2014)] and [Doc. 142-1 (November 21, 2014 emails)]

Defendant also contends that the declaration of two other attorneys involved in the case shows a realistic likelihood of vindictiveness. [Doc. 178 at 5] These declarations were before Judge Garza. [Docs. 152-1 and 152-2] These declarations relate to Defendant's argument regarding the inclusion of Count 1 in the superseding indictment after the AUSA represented that he did not intend to pursue that count even if the case went to trial. *See* [Docs. 142-1 at 1 and 142-7 at 2] Defendant makes no argument specific to Count 1 in his objection, but appears to point to the declarations to bolster his assertion that the superseding indictment was impermissibly obtained out of vindictiveness. The problem for Defendant is that he was initially indicted on this charge. The presence of Count 1 in the superseding indictment does not represent a new charge or subject Defendant to an increased penalty. Though the Court is not required to consider the AUSA's justifications for maintaining this count, particularly in light of the fact the charge was included in the original indictment, the Court notes that the AUSA offers a reasoned explanation for maintaining it. [Doc. 142-7 (February 3, 2015 email from AUSA to defense counsel explaining why he maintained the A-level count)]. At the pretrial stage, prosecutors may uncover new information, or analyze the information before them and decide it is more significant than they realized. *Goodwin*, 457 U.S. at 381; *Raymer*, 941 F.2d at 1042-43. This appears to be what happened here. The Court does not consider the AUSA's pursuit of Count 1 as evidence of vindictiveness.

Defendant contends that at a minimum Judge Garza should have held a hearing to determine whether the AUSA's charging decision was driven by a desire to punish Defendant for exercising his right to file a motion to suppress and proceed to trial. [Doc. 178 at 6,7]  Judge Garza concluded that Defendant did not demonstrate a reasonable likelihood of vindictiveness so as to give rise to a presumption of vindictiveness.  Where this is the case, it is within the Court's discretion whether to hold an evidentiary hearing. *See Bustamante-Conchas*, 13-cr-2028, Doc. 271 at 8 (noting that the court has broad discretion in deciding whether to hold evidentiary hearings, and noting that other courts addressing this issue within the context of prosecutorial vindictiveness have found defendants are not entitled to a hearing unless they make a prima facie claim); *see, e.g., Raymer*, 941 F.3d at 1040 (noting that though the court concluded no presumption of vindictiveness, it held a hearing due to the serious allegations).  Accordingly, the Court does not grant one here.

**IT IS THEREFORE ORDERED** that the Defendant's Objections are overruled and the Magistrate Judge's Proposed Findings and Recommended Disposition is ADOPTED. The Motion [Doc. 116] is denied.

**SO ORDERED** this 23rd  of December, 2015.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge