IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                     No. CR 13-3895 MCA

EDGAR SOLIS,

        Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATIONS, OVERRULING DEFENDANT'S OBJECTIONS, AND DENYING DEFENDANT'S MOTION TO SEVER

**THIS MATTER** is before the Court on *Defendant Edward Solis' Motion for Severance of Counts* [Doc. 122], *United States' Response to Defendant's Motion to Sever* [Doc. 134], United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* (PFRD) [Doc. 176], *Defendant Edgar Solis' Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition on Defendant's Motion for Severance* [Doc. 179], and *United States' Response to Defendant's Objections to Magistrate Court's Proposed Findings of Fact and Conclusions of Law Regarding Severance* [Doc. 180]. After a *de novo* review of the PFRD, the Objections, and the record, this Court adopts the *Proposed Findings and Recommended Disposition* and overrules Defendant's Objections.

The parties are familiar with the factual background, thus facts are set out below only as needed to provide context for this Order. Defendant filed objections to Judge Garza's PFRD that incorporated the arguments in his original motion and stated that for the reasons set forth in that motion, the Court should sustain his objections to the PFRD.

1

[Doc. 179]  In his motion, Defendant moved to sever Count IV of the Superseding Indictment in which he was charged with being a felon in possession of a firearm.  He made this argument pursuant to Federal Rule of Criminal Procedure 14.[1]  [Doc. 122 at 2] He argues that trying this count along with the drug related counts will prejudice him by allowing the Government to use propensity evidence to prove the gun-related charges and highlight his status as an armed felon.  [Doc. 122 at 3]  He contends that if the jury is informed of the fact of his prior felony conviction to prove Count IV, it will infer guilt as to the remaining counts.  [Doc. 122 at 3]  Judge Garza considered Defendant's arguments and the authorities cited by Defendant.

Judge Garza correctly stated that severance is a drastic remedy for potential prejudice.  She noted that the evidence required to prove the elements of Count IV is minimal and that the Government has proposed a stipulation regarding Defendant's prior felony conviction.  [Doc. 174 at 5]  According to the Government, Defendant does not oppose this stipulation.  [Doc. 134 at 4]  Defendant has not challenged the Government's statement regarding the stipulation or Judge Garza's consideration of it.  With a stipulation in place and limiting instructions, the evidence before the jury regarding Defendant's prior conviction will be minimal.  Evidence of the presence of a firearm will be presented to support Count V.  The only separate evidence then would be the stipulation regarding Defendant's prior felony conviction.

---

[1] Although Defendant uses the term "misjoinder" throughout his motion, there is no argument that the counts were improperly joined under Federal Rule of Criminal Procedure 8.

2

The Court understands Defendant to argue that even with such a stipulation, the evidence of the existence of his prior conviction would taint the jury's decision on the other counts. Judge Garza is correct that this reason does not require severance. "Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spill over' effect . . . is sufficient to warrant severance." *United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995) (upholding denial of severance where defendant charged with paraphernalia and marijuana counts argued no reasonable jury would be able to decide the paraphernalia charges when tried along with the drug counts); *United States v. Valentine*, 706 F.2d 282, 290 (10th Cir. 1983) (no abuse of discretion in denying defendant's motion to sever counts where defendant argued "the jury might have been influenced by the combination of the charges" and where presentation of evidence of defendant's prior conviction did not provide a persuasive showing of prejudice).

Judge Garza reasoned that any prejudice could be cured by providing the jury with a limiting instruction regarding evidence of Defendant's prior conviction. Where there is the potential for prejudice, it is within the Court's discretion to tailor relief, such as jury instructions, to protect from any prejudice. *Zafiro v. United States,* 506 U.S. 534, 540 (1993) ("Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts."). The Court agrees with Judge Garza's rejection of Defendant's argument, based on *United States v. Jones*, 16 F. 3d. 487 (2nd Cir. 1994), that a limiting instruction is insufficient to cure the alleged prejudice, and our Circuit has rejected such an argument. *See United States v. Nafkha*,

139 F.3d 913, at *6, No. 96-4130, (10th Cir. Feb. 5 1998) (unpublished).  The Tenth Circuit looks favorably on limiting instructions to ameliorate potential prejudice.  *See United States v. Patterson*, 20 F. 3d 809, 816 (10th Cir. 1994) (reviewing the record and looking for the presence of limiting instructions where district court denied severance of felon in possession charge).

Weighing the prejudice that could occur from a single trial here and the Court's ability to craft one or more limiting instructions, the Court concludes that the potential undue prejudice does not outweigh the expense and inconvenience of separate trials.  *Janus Indus.*, 48 F.3d at 1557 (instructing courts to engage in this weighing).  Accordingly, the Objections are overruled, the Magistrate Judge's *Proposed Findings and Recommended Disposition* is **ADOPTED** and *Defendant Edgar Solis' Motion For Severance of Counts* [Doc. 122] is **DENIED.**

**IT IS SO ORDERED** this 23rd  day of December, 2015**.**

_____
M. CHRISTINA ARMIJO
Chief United States District Judge

4