IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                           Crim. No. 13-3895 MCA

EDGAR SOLIS,

        Defendant.

## ORDER

This case is before the Court upon Defendant Edgar Solis' *Motion to Dismiss Indictment for Violation of Defendant's Right under the Speedy Trial Act* [Doc. 215]. The Court has considered Defendant's motion, the United States' response, Defendant's reply, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set out below, the Court denies Defendant's motion.

**Speedy Trial Act**

Defendant seeks dismissal of the indictment, presumably pursuant to 18 U.S.C. § 3162(a)(2). That statute provides that "[i]f a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant." By operation of § 3161(c) the period within which Defendant's trial must commence began to run on February 7, 2014, the date of his arraignment on federal charges. Although the time limit of § 3161(c) nominally is 70 days from designated triggering events, "not every day counts towards the

1

seventy-day limit because of a multitude of statutory exclusions. . . ." *United States v. Loughrin*, 710 F.3d 1111, 1119 (10th Cir. 2013). "[Section] 3161(a)(2) assigns the role of spotting violations of the Act to defendants—for the obvious reason that they have the greatest incentive to perform this task." *Zedner v. United States*, 547 U.S. 489, 502-03 (2006). Defendant's failure to identify a period of non-excludable delay constitutes a waiver of his right to rely on that period of delay in arguing for dismissal under the Act. *United States v. Taplet*, 776 F.3d 875, 880-81 (D.C. Cir. 2015); *see also Loughrin*, 710 F.3d at 1121.

The one period of delay that Defendant has identified with sufficient specificity is the period subsequent to the date that briefing was completed on Defendant's objections to Magistrate Judge Garza's recommended disposition of Defendant's motion to suppress. [Doc. 215 at 4-5, 7] As of December 1, 2015, when Defendant filed his *Motion to Dismiss*, the Court had not yet ruled on Defendant's objections to Magistrate Garza's proposed disposition.[1] Defendant argues that "a delay of over seven months pending the disposition of defendant's motion to suppress evidence is excessive and prejudicial."[2] [Doc. 215 at 7]

Whether a delay is "excessive and prejudicial" is not the appropriate inquiry under

---

[1] On December 23, 2015 the Court entered an order overruling Defendant's objections and adopting Magistrate Garza's recommended disposition of Defendant's motion to suppress. [Doc. 225]

[2] In his reply, Defendant identifies the date his motion to suppress was taken under advisement by this Court as April 14, 2015 [Doc. 224 at 3]. The Court's review of the record indicates that the date that briefing was completed on Defendant's objections [Doc. 166] to Magistrate Garza's recommended disposition of Defendant's motion to suppress [Doc. 160] was April 1, 2015, when the United States filed its response to Defendant's objections [Doc. 172]. Pursuant to § 3161(h)(1)(H), up to thirty days following the filing of the United States' response are excludable. *United States v. Mora*, 135 F.3d 1351, 1357 (10th Cir. 1998) ("We agree . . . that the district judge is entitled to such an excludable period in order to properly review the magistrate's report and recommendation."). The speedy trial clock would have resumed running no later than May 1, 2015 unless some other event served to independently toll the speedy trial clock.

§ 3162(a)(2); rather, the question is whether Defendant has been brought to trial "within the time limit required by section 3161(c) *as extended by section 3161(h)*. By operation of § 3161(h)(1)(D), the delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on . . . such motion" is excludable in computing the time within which trial of an offense must commence. The exclusion of the time from the filing of a pretrial motion to the conclusion of the hearing on the motion is automatic, and does not require an inquiry into the reasonableness of any delay in setting the hearing. *Henderson v. United States*, 476 U.S. 321 (1984). Defendant has failed to take into account his *Motion to Exclude Audio Recording* [Doc. 117], filed on February 16, 2015, and the United States' *Motion for a Daubert Hearing* [Doc. 177], filed on April 8, 2015. These motions are still pending and have been set for a hearing on January 26, 2016, rendering the delay subsequent to February 16, 2015 or alternatively, subsequent to April 8, 2015, excludable by operation of § 3161(h)(1)(D). *United States v. Smith*, 569 F.3d 1209, 1211-13 (10th Cir. 2009) (addressing when a hearing constitutes a "hearing" for purposes of § 3161(h)(1)(D)). Plaintiff has not shown that more than 70 non-excludable days have passed subsequent to his arraignment.

**Sixth Amendment**

Defendant's Sixth Amendment speedy trial claim involves four inquiries: "[1] whether delay before trial was uncommonly long, [2] whether the government or the criminal defendant is more to blame for that delay, [3] whether, in due course, the defendant asserted his right to a speedy trial, and [4] whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992).

1. **Length of Delay.**  Defendant's constitutional speedy trial right attached on December 4, 2013, the date that a grand jury indicted Defendant [Doc. 12].[3] *United States v. Hicks*, 779 F.3d 1163, 1167 (10th Cir. 2015) ("A defendant's constitutional right to a speedy trial 'attaches when he is arrested or indicted on federal charges, whichever comes first.'") (quoting *United States v. Banks*, 761 F.3d 1163, 1181 (10th Cir. 2014)).  His trial currently is set to begin on March 1, 2016.  By the time Defendant's case comes to trial, he will have been subject to more than two years delay in being brought to trial.  This delay is sufficient to trigger inquiry into the remaining factors.  *Barker v. Wingo*, 407 U.S. 514, 530 (1972).   This first factor counts in Defendant's favor.  *See United States v. Seltzer*, 595 F.3d 1170, 1176-77 (10th Cir. 2010) (concluding that two-year delay in uncomplicated counterfeiting/felon-in-possession prosecution weighed in defendant's favor).

2. **Reasons for Delay.**  Turning to the second factor, the Court notes that it initially scheduled Defendant's trial to begin on April 7, 2014. [Doc. 33]  Defendant requested, and the Court granted, six unopposed continuances in furtherance of plea negotiations. [Doc. Nos. 35 and 36; 37 and 39; 44 and 49; 52 and 56; 57 and 58; and 59 and 60].  On October 22, 2014, the Court set a change of plea hearing for October 24, 2014.  On October 24, 2014, Defendant filed an unopposed motion to continue in which defense counsel advised the Court that Defendant declined to plead guilty and that Defendant and counsel had "[a]micably . . . parted ways." [Doc. 63] The Court granted the continuance, setting a November 6, 2014 status conference.[Doc. 64]  On November 7,

---

[3] Defendant was arrested on a federal warrant on February 6, 2014 [Doc. 34]

4

2014, the Court scheduled trial to begin on December 8, 2014.  [Doc. 66]  On November 15, 2014, Defendant moved to substitute  Erlinda Johnson as defense counsel. [Doc. 69]  On November 18, 2014, the Court granted the motion to substitute counsel.  [Doc. 71]  On November 21, 2014, Defendant filed an unopposed motion to continue.  In his motion, Defendant recited that "the need for counsel to complete a thorough review of the discovery, conduct a defense investigation, research legal issues, draft pre-trial motions, prepare the case for either trial, or engage in plea discussions justify the requested continuance." [Doc. 72 at 2]  Defendant asserted that a continuance was necessary to afford Defendant his Sixth Amendment right to counsel.  Defendant also requested an extension of the time within which to file pre-trial motions.  On December 3, 2014, the Court granted Defendant's motion, setting trial to begin on March 9, 2015. [Doc. 73]

On January 6, 2015, Defendant filed a motion to suppress evidence. [Doc. 85]  On January 8, 2015, the Court referred Defendant's motion to suppress to Magistrate Judge Garza.  [Doc. 87]  On January 21, 2015, the United States filed a Superseding Indictment.  [Doc. 99]  On February 11, 2011, Magistrate Garza held a hearing on Defendant's motion to suppress. [Doc. 118]  The hearing was not completed. On February 13, 2015, Defendant filed a motion to continue the March 9, 2015 trial setting, referring among other matters to the pending motion to suppress. [Doc. 115]  Between February 16 and 18, 2015, Defendant filed five further pre-trial motions.  [Docs. 116, 117, 120, 122 and 124]  On February 20, 2015, the Court referred four of these motions to Magistrate Garza.  [Doc. 129 (referring Doc. Nos. 116, 120, 122 and 124)]  Also on February 20, 2015, Magistrate Garza held a further hearing on Defendant's motion to suppress. [Doc. 132]

5

On March 3, 2015, Defendant filed an unopposed motion to continue, which the Court granted on March 3, 2015.  On March 20, 2015, Magistrate Garza entered a recommended disposition of Defendant's motion to suppress. [Doc. 160 (denying Doc. 85)]. On March 23, 2015, Magistrate Garza entered an order disposing of Defendant's *Giglio* motion [Doc. 164 (granting Doc. 124)].  Magistrate Garza entered further recommended dispositions of referred motions on March 26, 2015 [Doc. 165 (motion to dismiss superseding indictment [Doc. 116])]; March 31, 2015 [Doc. 171 (motion to dismiss Counts One and Two [Doc. 120])]; and April 7, 2015 [Doc. 176 (motion to sever [Doc. 122])].  Defendant filed objections to three of Magistrate Garza's four recommended dispositions [Doc. Nos. 166; 178, 179]  By April 20, 2015, briefing of Defendant's objections to Magistrate Garza's recommended dispositions was completed. [Doc. 185]

The Court finds that the delay from Defendant's indictment up to October 24, 2014 is attributable to normal trial preparation and to efforts to negotiate a plea.  The Court finds that the delay from October 24, 2014 to November 15, 2014 is attributable to Defendant's decision not to plead guilty and to replace defense counsel, and that the delay between November 15, 2014 and January 6, 2015 is attributable to replacement counsel's need to "complete a thorough review of the discovery, conduct a defense investigation, research legal issues, draft pre-trial motions, prepare the case for either trial, or engage in plea discussions."  The Court finds that the delay between January 6, 2015 and April 20, 2015 is attributable to Magistrate Judge Garza's prompt disposition of the pre-trial motions filed by Defendant which the Court had referred to Magistrate Garza for proposed findings and recommended dispositions.  The Court finds that with one exception, the

6

delay subsequent to April 20, 2015, when the United States filed its final response to Defendant's objections, up to the anticipated March 1, 2016 start of trial, is attributable to normal trial preparation. The exception is a portion of the seven-month period subsequent to April 20, 2015, during which Magistrate Garza's recommended dispositions remained under advisement. The Court acknowledges that three or four months of this period are attributable to delay on the part of the Court. The Supreme Court has divided the reasons for delay into three categories. 5 Wayne R. LaFave *et al.*, *Criminal Procedure* § 18.2 at 121 (3d ed. 2007). The Court finds that none of the delay falls into the first category, "deliberate attempt to delay the trial in order to hamper the defense." As to the delay prior to April 20, 2015, the Court finds this delay attributable to "valid" reasons: plea negotiations, trial preparation, Defendant's change of counsel, and pretrial motion practice. *See United States v. Sodano*, 592 Fed. App'x 114, 116 (3d Cir. 2014) (counting against defendant continuances for purposes of plea negotiating and delay due to changes of counsel). Moreover, "[d]elays attributable to the defendant do not weigh against the government." *Hicks*, 779 F.3d at 1168. As to the delay from April 20, 2015 to the anticipated start of trial, the Court finds that three or four months is delay due to the Court's attention to other matters on the Court's criminal and civil dockets. This type of delay resulting from a "more neutral reason" weighs against the Government, of which this Court is part, albeit less heavily than deliberate delay. *See Barker*, 407 U.S. at 532 (citing "more neutral" reasons for delay that "should be weighted less heavily"). The Court finds that the remainder of the delay subsequent to April 20, 2015 up to the

anticipated March 1, 2016 start of trial is attributable to reasonably necessary trial preparation and pretrial motion practice, both "valid" reasons.

The Court finds that, overall, the reasons for the delay do not favor Defendant. *See United States v. Yehling*, 456 F.3d 1236, 1244 (10th Cir. 2006) (quoting *United States v. Batie*, 433 F.3d 1287, 1291 (10th Cir. 2006)) ("The second factor, the reason for the delay, 'weighs against the government in proportion to the degree to which the government caused the delay.'").

3.  **Defendant's Assertion of his Speedy Trial Right.**   With respect to the third factor, the Court finds that the instant motion marks the first time that Defendant has asserted his constitutional right to a speedy trial. Viewed against the background of Defendant's numerous requests for continuances and his single assertion of his speedy trial right some two years after his speedy trial right attached, this factor does not favor Defendant. *See United States v. Banks,* 761 F.3d 1163, 1183 (10th Cir. 2014); *United States v. Margheim*, 770 F.3d 1312, 1328 (10th Cir. 2014).

4.  **Prejudice.**   With respect to the fourth factor, the Court has considered the interests that the speedy trial right furthers: "(i) the prevention of oppressive pretrial incarceration; (ii) minimization of anxiety and concern of the accused; and (iii) minimization of the possibility that the defense will be impaired." *United States v. Larson*, 627 F.3d 1198, 1209 (10th Cir. 2010). "Impairment of the defense is the most important of these interests, and prevention of oppressive pretrial incarceration is the second most important." *Hicks*, 779 F.3d at 1169 (quoting *Larson*, 627 F.3d at 1209). Defendant bears the burden of showing prejudice. *Jackson v. Ray*, 390 F.3d 1254, 1264

(10th Cir. 2004). With respect to the first interest, the Court finds that due to the Court's delay in ruling on the objections to Magistrate Garza's proposed dispositions of Defendant's pretrial motions, Defendant was subjected to three or four months of pretrial restraint beyond the time reasonably necessary to prepare his case for trial.  During this period of delay Defendant resided at a halfway house, a circumstance that reduced, but did not eliminate, the oppression of pretrial restraint.[4]   The Court finds that this first interest counts slightly against the Government.  With respect to the second interest, Defendant has not shown that he suffered some "special harm" beyond that experienced by any defendant. *Hicks*, 779 F.3d at 1169.  Accordingly, the second interest does not favor Defendant.  Turning to the third interest, the Court finds that Defendant has not made a particularized[5] showing that his defense has been prejudiced by the delay in bringing him to trial.  Defendant's conclusory assertion of prejudice [Doc. 215 at 9] does not satisfy his burden.  *See Hicks*, 779 F.3d at 1169.

The Court finds that, overall, the fourth factor favors the United States.

**5.    Balance of Factors.**        Considering the four Barker factors together, the Court concludes that Defendant has not established a violation of his Sixth Amendment right to a speedy trial.  Most significantly, Defendant has not shown even the slightest prejudice to his defense from the delay in bringing him to trial.  With the exception of delay by the Court in addressing Defendant's objections to Magistrate Garza's

---

[4] Defendant was released to third-party custody at a halfway house on January 7, 2015. [86] Defendant was subject to strict conditions of release. [Docs. 84, 86]

[5] Prejudice may be presumed, excusing a showing of particularized prejudice, where the delay is extreme, exceeding six years.  *Hicks*, 778 F.3d at 1168-69.  The entire delay in Defendant's case, assuming that trial begins on March 1, 2016 as scheduled, falls well short of the six-year threshold adopted by the Court of Appeals.

recommended dispositions, the delay in bringing Defendant to trial is attributable to plea negotiations, trial preparation, and pretrial motion practice—all legitimate reasons for delaying Defendant's trial. The Court's obligation is to provide Defendant with a trial that is fair, as well as speedy, an obligation that in Defendant's case has necessitated some delay in bringing Defendant to trial. Assuming that trial begins as scheduled on March 1, 2016, Defendant will have been afforded his Sixth Amendment right to a speedy trial.

**WHEREFORE, IT HEREBY IS ORDERED** that Defendant Edgar Solis' *Motion to Dismiss Indictment for Violation of Defendant's Right under the Speedy Trial Act* [Doc. 215], is **denied**.

So ordered this 25th day of January, 2016.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge