THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                        Crim. No. 13-3895 MCA

EDGAR SOLIS,

        Defendant.


**ORDER**

This case is before the Court upon Defendant's *Motion to Dismiss the Superseding Indictment for Violation of Brady v. Maryland* [Doc. 302].[1] The Court has considered the written submissions of the parties, the oral arguments of counsel, the evidence tendered to the Court, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set out below, the Court **denies** Defendant's motion.

On November 13, 2013, Defendant and his brother, Daniel Solis, were arrested during a "reverse" drug sting. Nine cellphones were seized, four of which were in Defendant's vehicle. According to the testimony of the case agent, the contents of the nine cellphones were downloaded between January 20 and 27, 2016. During a February

---

[1] On March 9, 2016, the United States filed a Second Superseding Indictment. The Court understand the arguments made by the parties in support of and in opposition to Defendant's *Brady* motion to apply with equal force to the Second Superseding Indictment.

29, 2016 pre-trial conference, the United States disclosed to the Court and the defense that it had downloaded the contents of the cellphones.

"To establish a *Brady* violation, a defendant must demonstrate that (1) the prosecutor suppressed evidence; (2) the evidence was favorable to the defendant as exculpatory or impeachment evidence; and (3) the evidence was material." *United States v. Walters*, 269 F.3d 1209 (10th Cir.2001).

The Court concludes that "the evidence" for purposes of *Brady* consists of the downloads, not the data stored in electronic form in the cellphones.[2]  The United States for reasons of its own elected to download data from the cellphones, converting that stored electronic data to a useable form.  Although *Brady* may not have required the United States to create the downloads, *see United States v. Alverio-Meléndez*, 640 F.3d 412, 424 (1st Cir. 2011), once the United States possessed the contents of the cellphones in useable form, it was obligated by *Brady* to disclose to the defense any exculpatory information contained in the downloads.  The record shows that it was not until the morning of March 1, 2016, the date that Defendant's trial was scheduled to begin, that the United States provided the contents of the downloads to the defense.

In his motion, Defendant argues that the phone logs are exculpatory because they show that Daniel made calls to individuals known to the government to be involved in the drug trade.  The Court agrees with the United States that this theory of exculpation is logically flawed.  Under Count 1, the government is required to prove that Defendant

---

[2] According to the defense, the electronic data was not in usable form until it was downloaded by the government. Defendant's Notice of Supplemental Authority [Doc. 314].

conspired with one other person, the most obvious candidate being Defendant's brother, Daniel.  Evidence that Daniel himself was involved in a larger conspiracy does not tend to make it less likely that Defendant conspired with Daniel.

Defendant also argues that the absence of evidence linking Defendant to drug trafficking renders the cellphone records exculpatory.   Negative results may be exculpatory even where they do not provide conclusive evidence of innocence. *Simmons v. Beard*, 590 F.3d 223, 237 (3d Cir. 2009).  The Court concludes that where, under the government's theory of the case, one would expect to find inculpatory evidence in a particular location, the absence of such evidence tends to exculpate the defendant.  *See Jones v. Jago*, 575 F.2d 1164, 68 (6th Cir. 1978) (observing "[t]he statement of an eyewitness to a crime which makes no reference even to the presence of the defendant or his participation must be viewed as a potentially powerful exculpation").  The Court finds that evidence that that the nine cellphones contained no evidence (other than the phone calls on November 13, 2013) implicating Defendant in drug trafficking is exculpatory.  As the Court noted in its Orders excluding co-conspirator statements, the United States' case that Defendant joined a conspiracy is weak, relying as much upon speculation as upon actual evidence.  Given the weakness of the United States' evidence of conspiracy, evidence that the government searched the cellphones looking for evidence that Defendant was trafficking in drugs and found  none would be significant to a reasonable jury, and might tip the scales in Defendant's favor.  *See Trammell v. McKune*, 485 F.3d 546, 551 (10th Cir. 2007) (discussing materiality prong of *Brady*). The Court finds that evidence of the absence of drug trafficking on the cellphones is both exculpatory and material.

The Court concludes that the appropriate remedy is not dismissal of the indictment as requested by Defendant, but a continuance as ordered by the Court. *See United States v. Mathur*, 624 F.3d 498, 506 (1st Cir. 2010).  Defendant has not made a persuasive case that the approximately two-week continuance ordered by the Court is too short to allow him a fair opportunity to respond to the newly-disclosed evidence.  The fact that Defendant opposed a continuance further undercuts any claim of prejudice. *United States v. Ashley*, 274 Fed. App'x 693, 698 (10th Cir. 2008).

**WHEREFORE, IT HERBY IS ORDERED** that upon Defendant's *Motion to Dismiss the Superseding Indictment for Violation of Brady v. Maryland* [Doc. 302] is **denied**.

So ordered this 10th  day of March 2016.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge