THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

        Crim. No. 13-3895 MCA

EDGAR SOLIS,

        Defendant.

## ORDER

This case comes before the Court upon Defendant's *Motion for a Judgment Acquittal or in the Alternative for a New Trial.* [Doc.349] The Court has considered the written submissions of the parties, the record in this case and the applicable law, and is otherwise fully advised.

**Affidavit of Eda Gordon**

As a preliminary matter, the Court finds certain statements in the Affidavit of Eda Gordon, Defendant's jury consultant and private investigator, inadmissible pursuant to Fed. Evid. Rule 606(b)(1). Specifically, the paragraphs beginning "Four of the five jurors. . ." and "Three of the six jurors. . . " are improper evidence of "the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict." The Court will disregard these statements.

**Rule 29(c) Motion for Judgment of Acquittal**

Defendant's motion for a judgment of acquittal is not well-taken. The Court reviews the record to determine whether the government adduced evidence from which a reasonable jury could have found each of the essential elements of the charged offense beyond a reasonable doubt. *United States v. Ibarra-Diaz*, 805 F.3d 908, 931 (10th Cir. 2015). The attempted possession with intent to distribute count was submitted to the jury under alternative theories. The Court need not decide whether the evidence was sufficient to convict Defendant as a principal as the record contains sufficient evidence to convict Defendant under the alternative theory of aiding and abetting. *Ibarra-Diaz*, 805 F.3d at 833. To sustain a conviction for aiding and abetting, the government "must prove that the defendant (1) 'willfully associated himself with the criminal venture' and (2) sought 'to make the venture succeed through some action of his own." *Id.* at 932.

The government met its burden in this case. The government came forward with evidence that Daniel Solis attempted to purchase a multi-kilogram amount of cocaine. The large quantity permitted the jury to infer that that Daniel Solis intended to distribute the cocaine, rather than keep it for personal use. *United States v. Aguilar*, 609 Fed. App'x 960, 963 (10th Cir. 2015). The evidence showed that Defendant appeared at the drug buy and assisted Daniel by physically examining the cocaine and giving his opinion about the appearance of the cocaine, and that Defendant agreed with Daniel's proposal to test the cocaine by putting it in water. The jury could have inferred from Defendant's personal observation of the kilo-sized package of cocaine from which he took a sample that

Defendant understood that Daniel was purchasing an amount consistent with distribution rather than personal use.  "[P]articipation of a relatively slight moment is sufficient" to establish liability as an aider and abettor. *Ibarra-Diaz*, 805 F.3d at 933.  Defendant's Rule 29(c) motion for judgment of acquittal is denied.

**Rule 33(a)  Motion for New Trial**

    **Admission of Daniel Solis Statements to Undercover Officers**

At trial, the jury heard a recording of a November 13, 2013 conversation between Daniel Solis and two undercover police officers.  The jury also was provided with a Spanish-English transcript of the conversation.  Defendant argues that Daniel Solis' statements were inadmissible hearsay, which the jurors accepted for the truth of the matters asserted, in disregard of the Court's limiting instruction.

Defendant does not identify specific statements, show how a given statement was offered for the truth of the matter asserted, and explain how the jury's use of the statement to prove the truth of the matter asserted prejudiced Defendant.  Defendant's non-particularized briefing is inadequate to present an issue for consideration by the Court.  *See Ibarra-Diaz*, 805 F.3d at 919 n. 5("[Defendant] makes no meaningful effort to tie these legal contentions to specific statements or the salient facts.  We consider such skeletal arguments to be inadequate to present an issue for review.").

    The **Court's Refusal to Require Proof of the Actual Quantity of Cocaine**

Defendant was convicted of an *attempt* to possess cocaine with intent to distribute. The United States was not required to prove that the substance Daniel Solis attempted to purchase actually was cocaine or that the amount actually weighed 500g or more.  *See*

*United States v. Johnson*, 767 F.2d 673, 675-76 (10th Cir. 1985); *see also Seeney v. United States*, 563 A.2d 1081, 1083 (D.C. App. 1989) (distinguishing showings government must make in proving actual possession of a controlled substances versus attempted possession of a controlled substance).

### Brady Violation

The Court rejects this claim of error for the reasons previously given by the Court. [Doc. 328 at 3-4]

### Sufficiency of the Evidence

"When considering a motion for a new trial under Federal Rule of Criminal Procedure 33 a trial judge considers the credibility of witnesses and weighs the evidence as a thirteenth juror. He does not view the evidence in the light most favorable to the government as he would in ruling on a Rule 29 acquittal motion." *United States v. Lopez*, 576 F.2d 840, 845 n.1 (10th Cir. 1978); *United States v. Madsen*, 2013 WL 1284331*14 (D. Utah. 2013) (distinguishing Rule 29(a) and Rule 33 standards).

Having sat through the trial and having heard the evidence, the Court agrees with the jury's verdict. The government established beyond a reasonable doubt that Daniel Solis attempted to purchase a multi-kilogram amount of cocaine. The large quantity permitted the inference that that Daniel Solis intended to distribute the cocaine, rather than keep it for personal use. The evidence showed that Defendant appeared at the drug buy, assisted Daniel by physically examining the cocaine and giving his opinion about the appearance of the cocaine, and that Defendant agreed with Daniel's proposal to test the cocaine by putting it in water. Defendant's personal observation of the kilo-sized

package of cocaine from which he took a sample supports and inference that Defendant understood that Daniel was purchasing a kilo of cocaine, an amount consistent with distribution rather than personal use.

The interests of justice would not be served by granting Defendant a new trial.

**Jury Instruction**

The Court rejects this claim. The Fifth and Sixth elements set out in the instruction correctly described the state of mind required by 18 U.S.C. § 2. There was no error in the Court's instruction.

**WHEREFORE, IT HEREBY IS ORDERED** that Defendant's *Motion for a Judgment Acquittal or in the Alternative for a New Trial.* [Doc.349] is **denied**.

So ordered this 17th day of October 2016.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge